IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **THI VAN HO,** | * | |
| Petitioner, | * | |
| v. | * | **CIVIL NO. JKB-22-1387**<br>**CRIMINAL NO. JKB-19-0397-4** |
| **UNITED STATES OF AMERICA,** | * | |
| Respondent. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

Presently pending before the Court is Petitioner Thi Van Ho's Motion to Vacate, Set Aside, or Correct his Sentence in the above-captioned criminal case pursuant to 28 U.S.C. § 2255. (ECF No. 200.) The Government has responded to the Motion. (ECF No. 211.) The Court is intimately familiar with the record in this case, and it has closely reviewed the Parties' submissions. For the reasons stated below, Mr. Ho's Motion is DENIED.

### I.   *Factual and Procedural Background*

On September 30, 2020, Petitioner signed a plea agreement with the Government in which he agreed to plead guilty to one count of conspiracy and one count of interstate transportation of stolen property, both related to a years-long scheme to defraud a manufacturing company by submitting falsified invoices from shell companies for waste management services that were never performed. (Plea Agreement, ECF No. 115.) The agreement included a stipulation of facts, signed by Petitioner, that detailed Petitioner's role in devising the scheme, naming the shell companies, working with four co-conspirators, and collecting 53% of the proceeds from the scheme, which totaled more than $2.5 million. (*Id.*) The agreement also

1

included a "Waiver of Appeal" clause barring Petitioner from appealing his conviction and sentence. (*Id.*) After Petitioner pled guilty to these charges, a presentence investigation report was prepared by the United States Probation Office. (ECF No. 136.) The presentence report incorporated the exact language of the plea agreement's stipulation of facts. (*Id.*)

Prior to sentencing, Petitioner's defense attorney, Jack McMahon ("McMahon"), filed an Objection to a portion of the presentence report that identified Petitioner as an "organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive," based on the stipulated facts that "[Petitioner] and [co-conspirator Kevin] Miller initially agreed to engage in the scheme and later agreed on the names of the shell entities" and that Petitioner "received roughly 53% of the scheme's proceeds." (*Id.* ¶ 28; Objs. Pre-Sentence Investigation R. & R., ECF No. 131.) This finding resulted in a four-level enhancement to Petitioner's base offense level under United States Sentencing Guideline § 3B1.1(a). (Presentence R. & R. ¶ 28.) The Objection argued that Petitioner had been "recruited" to join the conspiracy by its true "leader," co-conspirator Miller, and that Petitioner "did not have the role of planning or organizing the offense and gave no specific instructions" to any co-conspirators. (Objs. Pre-Sentence Investigation R. & R.) In its Sentencing Memorandum, the Government advised that it was prepared to present testimony at sentencing establishing that Petitioner "was quite simply 'the boss'" who had "first broached the concept for the scheme with Miller[.]" (ECF No. 138.)

McMahon advised Petitioner prior to sentencing that "full acceptance, not partial acceptance, would probably be a better strategy [at sentencing] since the facts (stipulated to) probably would not lead to a successful challenge" under § 3B1.1(a). (Aff. John L. McMahon Jr. ¶ 7, ECF No. 211-3.) On the morning of Petitioner's sentencing hearing, upon seeing that "co-Defendants [were present and] ready to testify for the government regarding [Petitioner's]

2

role in the scheme," McMahon again raised to Petitioner his concerns with the objection. Thereafter Petitioner, "with [McMahon's] advice and that of his family, decided withdrawal of [the] objection and full acceptance was the best course of action." (*Id.* ¶¶ 8–9.)

At sentencing, the Court and McMahon had the following exchange:

> **The Court:** And, Mr. McMahon, can you confirm that you and your client have read and discussed the presentence report and any revisions?
>
> **McMahon:** We have, Your Honor.
>
> . . .
>
> **The Court:** And, Mr. McMahon, you have detailed your objections in your submission, but in general, you object to the adjustment for role in the offense. . . .
>
> . . .
>
> **McMahon:** At this time, Your Honor, in discussion with . . . the government, and based on discovery that has been provided to me by the government in preparation for the sentencing, and reviewing it with my client and his family, we are now withdrawing that objection, Your Honor.
>
> **The Court:** Okay. So you now join the view expressed by the probation officer that the government joins, which is that the calculation is correctly completed with a four-point upward adjustment for the role in the offense, and that the other . . . aspects of the computation are correct, yielding a total offense level of 23; is that right?
>
> **McMahon:** Yes, Your Honor.
>
> . . .
>
> **The Court:** . . . I now formally adopt the computation of the Federal Sentencing Guidelines that is set out in the [presentence] report[.] . . . By agreement of the parties, the Court agrees with that assessment as well, given the record, leaving us with a total offense level of 23.

(Tr. Sentencing Hr'g 5–6, ECF No. 211-2.) Based on the guidelines range for that offense level and his criminal history category of I, (Presentence R. & R. ¶ 72), Petitioner was sentenced to 46 months of incarceration for each offense, to run concurrently. (J. Thi Van Ho, ECF No. 152.)[1]

---

[1] An amended judgment was entered as to Petitioner on February 14, 2022, but Petitioner's prison sentence did not change. (*See* ECF No. 191.)

3

Petitioner filed the instant Motion on June 3, 2022. (ECF No. 200.) He makes two arguments in support of his contention that his sentence should be vacated. First, he asserts that he received ineffective assistance of counsel from McMahon when he "fail[ed] to challenge the determination that [Petitioner] was subject to a [four-level] enhancement for being an organizer or leader [of the conspiracy]." (*Id.* ¶ 35.) Second, he claims that his sentence cannot stand because "the Court failed to make a determination that [Petitioner] was subject to the enhancement under USSG § 3B1.1(a)." (*Id.* ¶ 36.)

In response, the Government asserts that Petitioner's first argument fails because McMahon's representation fell "within the range of competence normally demanded of attorneys in criminal cases." (ECF No. 211 (quoting *Strickland v. Washington*, 466 U.S. 688, 687 (1984).) The Government also claims that Petitioner defaulted on his second argument by neither "rais[ing] in this Court the issue of the sufficiency of the Court's findings . . . [nor filing] a direct appeal." (*Id.*) Further, even if the claim is not defaulted, the Government argues that it is meritless because Federal Rule of Criminal Procedure 32(i)(3)(A) allows a court to "accept any undisputed portion of the presentence report as a finding of fact" at sentencing. (*Id.*)

## II. *Legal Standard*

Section 2255 allows a federal prisoner to move to set aside a sentence on the ground "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. The petitioner in a § 2255 proceeding bears the burden of proving his entitlement to relief by a preponderance of the evidence. *See Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958).

## III. *Analysis*

Petitioner claims that both his counsel and the Court performed deficiently during his sentencing hearing. Based on the record and the parties' briefings, the Court concludes that neither contention has merit.

### A. *Petitioner's Request for Leave to Amend*

As a threshold matter the Court must address the request, included in Petitioner's Motion, that the Court grant him "leave to amend the [instant] motion following a review of the transcripts from the guilty plea and sentencing," which evidently were not available to Petitioner's counsel when the Motion was prepared. (ECF No. 200, ¶ 56(b).) Petitioner has not filed a formal motion for leave to amend the instant Motion pursuant to Local Rule 103(6). The record indicates that the relevant portions of both transcripts have been available to Petitioner since at least August 26, 2022, when the Government filed its Response. (*See* Opp'n to Mot. Vacate Exs. 2, 4, ECF Nos. 211-2, 211-4.) Any Reply to the Government's Response would have been due by September 9, fourteen days after the Response was filed electronically. Local Rules 101(1)(c), 105(2)(a) (D. Md. 2021).

The Court finds that Petitioner had sufficient time to review the transcripts between August 26 and September 9, and that he certainly had an opportunity to review them by October 11, the date of this Memorandum and Order. However, the record shows that, to date, Petitioner has not submitted a Reply, a request for extension of time to file a Reply, a motion for leave to amend his Motion, or any other such filing. Accordingly, Petitioner has waived his rights both to amend the pending Motion and to file a Reply. The Court will therefore consider the Motion according to the briefings already submitted.

### B. *Ineffective Assistance of Counsel*

To prove ineffective assistance of counsel, a petitioner must establish that: (1) "counsel's representation fell below an objective standard of reasonableness" and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 688–94. "A lawyer's performance is entitled to a strong presumption of reasonableness." *Pruett v. Thompson*, 996 F.2d 1560, 1568 (4th Cir. 1993). Ultimately, "[t]he question is whether an attorney's representation amounted to incompetence under 'prevailing professional norms,' not whether it deviated from best practices or most common custom." *Harrington v. Richter*, 562 U.S. 86, 105 (2011) (quoting *Strickland*, 466 U.S. at 690). A "lawyer has discharged his constitutional responsibility so long as his decisions fall within the 'wide range of professionally competent assistance.'" *Buck v. Davis*, 137 S. Ct. 759, 775 (2017) (citation omitted).

McMahon's conduct as Petitioner's defense attorney fell within the boundaries of this wide range. The stipulation of facts signed by Petitioner as part of his plea agreement and adopted in the presentence report detailed his role in devising, operating, and profiting most from the conspiracy. (ECF No. 115.) McMahon was aware that the Government was prepared to present multiple co-Defendant witnesses to testify at sentencing that Petitioner had been the leader and organizer of the conspiracy. (Aff. John L. McMahon Jr. ¶ 8.) Based on these circumstances, McMahon concluded that withdrawing the objection to Petitioner's sentencing enhancement under USSG § 3B1.1(a) would be a "better strategy" for obtaining the most favorable sentence for Petitioner. (*Id.* ¶ 7.) Accordingly, McMahon advised Petitioner of his strategic recommendation and, in conversation with McMahon and his family, Petitioner agreed that the objection should be withdrawn. (*Id.* ¶¶ 8–9.)

In view of these facts, the Court finds that McMahon acted effectively and appropriately as Petitioner's defense counsel to advocate for Petitioner's best interest and carry out Petitioner's directives. Even assuming he did not, Petitioner has not carried his burden of proving that the outcome of his sentencing proceeding would have been different but for McMahon's conduct. The record shows that, had Petitioner contested the organizer enhancement, the Government would have presented testimonial evidence to support it; furthermore, the stipulation of facts as signed by Petitioner contained facts sufficient to support a finding that Petitioner was a leader or organizer of the conspiracy. (Presentence R. & R. ¶ 28.) Accordingly, Petitioner's claim of ineffective assistance of counsel fails.

### C. Sufficiency of Findings of Fact

First, the Court must consider whether, as the Government contends, Petitioner defaulted on his claim that the Court failed to make the requisite findings of fact to support his sentence. (ECF No. 211.) To sustain a § 2255 claim for "errors that could have been but were not pursued on direct appeal," including, where applicable, through contemporaneous objection, "the movant must show cause and actual prejudice resulting from the errors . . . or he must demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack." *United States v. Mikalajunas*, 186 F.3d 490, 492–93 (4th Cir. 1999) (citing *United States v. Frady*, 456 U.S. 152, 167–68 (1982)). When a petitioner, by signing a plea agreement, waives his right to pursue a direct appeal, "he is precluded from raising [on collateral review] claims that are the sort that *could have* been raised on appeal." *United States v. Linder*, 552 F.3d 391, 396–97 (4th Cir. 2009) (quoting Brian R. Means, *Fed. Habeas Practitioner Guide*, Jurisdiction ¶ 1.23.0 (2006/2007) (emphasis in original)).

The record does not indicate that Petitioner objected to the Court's adoption of the presentence report during the hearing, and Petitioner admits in his Motion that he "did not appeal from the judgment of conviction." (ECF No. 200 ¶ 21.) Although Petitioner's plea agreement included a waiver of his right to pursue a direct appeal, under *Linder*, this Court may not entertain the claim now because it could have been considered on direct appeal. 552 F.3d at 397. Petitioner has made no showing of either cause and prejudice or actual innocence that would allow the Court to reach the claim despite the default. *Mikalajunas*, 186 F.3d at 492–93. Accordingly, Petitioner's claim is defaulted.

Even assuming the Court could reach the claim, Petitioner's argument is meritless. Federal Rule of Criminal Procedure 32(i)(3)(A) provides that, at sentencing, a court "may accept any undisputed portion of the pre-sentence report as a finding of fact[.]" If any part of the presentence report is disputed, the court "must . . . rule on the dispute or determine that a ruling is unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing." Fed. R. Crim. P. 32(i)(3)(B). Rule 32(i)(3)(B) "clearly requires the district court to make a finding with respect to each objection a defendant raises to facts contained in a presentence report before it may rely on the disputed fact in sentencing." *United States v. Morgan*, 942 F.2d 243, 245 (4th Cir. 1991) (interpreting an earlier and substantively identical iteration of the rule). To satisfy this requirement, the district court "may separately recite its finding as to each controverted matter," or it "may expressly adopt the recommended findings contained in the [presentence] report." *Id.*

The transcript of Petitioner's sentencing hearing as quoted above indicates that, once McMahon withdrew the objection to the organizer enhancement and stated for the record Petitioner's agreement with the presentence report, there was no longer a dispute as to any

portion of the report; as such, the Court acted pursuant to Rule 32(i)(3)(A) when it accepted, "[b]y agreement of the parties," the entire presentence report as a finding of fact. Even if the dispute had remained at the time that the Court adopted the report, under *Morgan*, the Court satisfied Rule 32(i)(3)(B) by expressly adopting the report's recommended findings in determining Petitioner's base offense level. Thus, the Court committed no error under Rule 32.

## IV.   Conclusion

For the foregoing reasons, it is hereby ORDERED:

1. Petitioner Thi Van Ho's Motion to Vacate, Set Aside, or Correct his Sentence (ECF No. 200) is DENIED.

2. A Certificate of Appealability is DENIED as the Petitioner has not made a showing that he has been denied a constitutional right. 28 U.S.C. § 2253(c)(2). There is no showing that reasonable jurists would disagree on this point.

DATED this 11th day of October, 2022.

BY THE COURT:

_____
James K. Bredar
Chief Judge